**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-3415-MEH

Farm Credit Leasing Services Corporation,

      Plaintiff,

v.

Good Forage, LLC; Clayton A. Good;
Arnold Good; and Wesley James Wittman,

      Defendants.

---

**DEFENDANT WESLEY JAMES WITTMAN'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM**

---

Defendant Wesley James Wittman ("Defendant Wittman" or "Mr. Wittman"), by and through undersigned counsel, respectfully submits this Answer, Affirmative Defenses, and Counterclaim to Plaintiff Farm Credit Leasing Services Corporation's ("Farm Credit" or "Plaintiff")'s original Complaint [Dkt. 1], stating as follows:

## ANSWER TO COMPLAINT

### "PARTIES, JURISDICTION, AND VENUE"

1.    Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 of the Complaint and, therefore, denies the same.

2.    Defendant Wittman admits that, to the best of his knowledge, Good Forage, LLC ("Good Forage") is owned by Defendant Clayton Good ("Defendant C. Good") and that Defendant C. Good resides at 25498 County Road 66, Greeley, Colorado 80631. Defendant Wittman lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 2 of the Complaint and, therefore, denies the same.

3.      Defendant Wittman admits that, to the best of his knowledge, Defendant C. Good resides at 25498 County Road 66, Greeley, Colorado 80631. The allegation that Defendant C. Good is a Colorado citizen is a legal conclusion to which no response is necessary. To the extent that such a response may nevertheless be deemed necessary, Defendant Wittman admits the averment that Mr. C. Good is a Colorado citizen in Paragraph 3 of the Complaint.

4.      Defendant Wittman admits that, to the best of his knowledge, Defendant Arnold Good ("Defendant A. Good") resides at 22760 County Road R, Fort Morgan, Colorado 80701. The allegation that Defendant A. Good is a Colorado citizen is a legal conclusion to which no response is necessary. To the extent that such a response may nevertheless be deemed necessary, Defendant Wittman admits the averments in Paragraph 4 of the Complaint.

5.      Defendant Wittman admits that he resides at 2957 Arabian Ave., Brighton, Colorado 80603. The allegation that Defendant Wittman is a Colorado citizen is a legal conclusion to which no response is necessary. To the extent that such a response may nevertheless be deemed necessary, Defendant Wittman admits the averments in Paragraph 5 of the Complaint.

6.      Defendant Wittman does not contest the Court's jurisdiction in this case.

7.      Defendant Wittman does not contest venue in this case.

## "FACTS COMMON TO ALL COUNTS"

8.      Defendant Wittman admits that, to the best of his knowledge, Farm Credit is engaged in the business of leasing equipment and other personal property to businesses and sole proprietors

in the agriculture industry. Defendant Wittman denies leasing any of the personal property at issue in this suit from Farm Credit or serving as a personal guarantor for any such leased property. Defendant Wittman denies all remaining averments in Paragraph 8 of the Complaint.

<u>"The Baler Lease Agreement"</u>

9.      Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 9 of the Complaint as they relate to a purported equipment lease agreement not involving himself and, therefore, denies the same.

10.     Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 10 of the Complaint as they relate to a purported equipment lease agreement not involving himself and, therefore, denies the same.

11.     Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 11 of the Complaint as they relate to a purported equipment lease agreement not involving himself and, therefore, denies the same.

12.     Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 12 of the Complaint as they

relate to a purported equipment lease agreement not involving himself and, therefore, denies the same.

13.     Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 13 of the Complaint as they relate to a purported equipment lease agreement not involving himself and, therefore, denies the same.

14.     Exhibit 2 speaks for itself and Defendant Wittman denies any characterization of Exhibit 2 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 14 of the Complaint as they relate to a purported equipment lease agreement and UCC Financing Statement not involving himself and, therefore, denies the same.

15.     With respect to the factual allegations of Paragraph 15 of the Complaint, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 of the Complaint as they relate to a purported equipment lease agreement not involving himself and, therefore, denies the same. With respect to Plaintiff's characterization of its purported remedies under Exhibit 1, Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. With respect to Plaintiff's legal conclusions as to its purported rights to relief in this action, these are legal conclusions to which no response is necessary. Defendant Wittman denies any remaining averments in Paragraph 15 of the Complaint.

16.     Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 16 of the Complaint as they relate to a purported equipment lease agreement not involving himself and, therefore, denies the same.

"The Baler Guaranty"

17.     Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 17 of the Complaint as they relate to a purported equipment lease agreement and personal guaranty not involving himself and, therefore, denies the same.

18.     Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 18 of the Complaint as they relate to a purported equipment lease agreement and personal guaranty not involving himself and, therefore, denies the same.

19.     Exhibit 1 speaks for itself and Defendant Wittman denies any characterization of Exhibit 1 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 19 of the Complaint as they relate to a purported equipment lease agreement and personal guaranty not involving himself and, therefore, denies the same.

<u>"The Master Lease"</u>

20.     Exhibit 3 speaks for itself and Defendant Wittman denies any characterization of Exhibit 3 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 20 of the Complaint as they relate to a purported master lease agreement not involving himself and, therefore, denies the same.

21.     Exhibit 3 speaks for itself and Defendant Wittman denies any characterization of Exhibit 3 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 21 of the Complaint as they relate to a purported master lease agreement not involving himself and, therefore, denies the same.

22.     Exhibit 3 speaks for itself and Defendant Wittman denies any characterization of Exhibit 3 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 22 of the Complaint as they relate to a purported master lease agreement not involving himself and, therefore, denies the same.

23.     Exhibit 3 speaks for itself and Defendant Wittman denies any characterization of Exhibit 3 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 23 of the Complaint as they relate to a purported master lease agreement not involving himself and, therefore, denies the same.

<u>"The Shredder Schedule"</u>

24.     Exhibit 4 speaks for itself and Defendant Wittman denies any characterization of Exhibit 4 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 24 of the Complaint as they relate to a purported master lease equipment schedule not involving himself and, therefore, denies the same.

25.     Exhibit 4 speaks for itself and Defendant Wittman denies any characterization of Exhibit 4 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 25 of the Complaint as they relate to a purported master lease equipment schedule not involving himself and, therefore, denies the same.

26.     Exhibit 5 speaks for itself and Defendant Wittman denies any characterization of Exhibit 5 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 26 of the Complaint as they relate to a purported master lease equipment schedule and UCC Financing Statement not involving himself and, therefore, denies the same.

27.     With respect to the factual allegations of Paragraph 27 of the Complaint, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 27 of the Complaint as they relate to a purported master lease equipment schedule not involving himself and, therefore, denies the same. With respect to Plaintiff's characterization of its purported remedies under Exhibit 4, Exhibit 4 speaks for itself and Defendant Wittman denies any characterization of Exhibit 4 not consistent therewith. With

respect to Plaintiff's legal conclusions as to its purported rights to relief in this action, these are legal conclusions to which no response is necessary. Defendant Wittman denies any remaining averments in Paragraph 27 of the Complaint.

<u>"The Stacker Schedule"</u>

28.     Exhibit 6 speaks for itself and Defendant Wittman denies any characterization of Exhibit 6 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 28 of the Complaint as they relate to a purported master lease equipment schedule not involving himself and, therefore, denies the same.

29.     Exhibit 6 speaks for itself and Defendant Wittman denies any characterization of Exhibit 6 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 29 of the Complaint as they relate to a purported master lease equipment schedule not involving himself and, therefore, denies the same.

30.     Exhibit 7 speaks for itself and Defendant Wittman denies any characterization of Exhibit 7 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 30 of the Complaint as they relate to a purported master lease equipment schedule and UCC Financing Statement not involving himself and, therefore, denies the same.

31.     Exhibit 6 speaks for itself and Defendant Wittman denies any characterization of Exhibit 6 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual averments in Paragraph 31 of the Complaint as

they relate to a purported master lease equipment schedule not involving himself and, therefore, denies the same. With respect to Farm Credit's conclusions as to whether the alleged conduct constitutes a breach of contract or other wrongful act, these are legal conclusions to which no response is necessary.

32.     Exhibit 6 speaks for itself and Defendant Wittman denies any characterization of Exhibit 6 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual averments in Paragraph 32 of the Complaint as they relate to a purported master lease equipment schedule not involving himself and, therefore, denies the same. With respect to Farm Credit's purported remedies under Exhibit 6, these are legal conclusions to which no response is necessary.

<u>"The Trailer Schedule"</u>

33.     Exhibit 8 speaks for itself and Defendant Wittman denies any characterization of Exhibit 8 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 33 of the Complaint as they relate to a purported master lease trailer schedule not involving himself and, therefore, denies the same.

34.     Exhibit 8 speaks for itself and Defendant Wittman denies any characterization of Exhibit 8 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 34 of the Complaint as they relate to a purported master lease trailer schedule not involving himself and, therefore, denies the same.

35.     Exhibit 9 speaks for itself and Defendant Wittman denies any characterization of Exhibit 9 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 35 of the Complaint as they relate to a purported trailer title registration not involving himself and, therefore, denies the same.

36.     Exhibit 8 speaks for itself and Defendant Wittman denies any characterization of Exhibit 8 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual averments in Paragraph 36 of the Complaint as they relate to a purported master lease trailer schedule not involving himself and, therefore, denies the same. With respect to Farm Credit's purported remedies and entitlements in this action, these are legal conclusions to which no response is necessary.

<u>"The C. Good Guaranty"</u>

37.     Exhibit 10 speaks for itself and Defendant Wittman denies any characterization of Exhibit 10 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 37 of the Complaint as they relate to a purported personal guaranty signed by Defendant C. Good and not involving or relating to Defendant Wittman and, therefore, denies the same.

38.     Exhibit 10 speaks for itself and Defendant Wittman denies any characterization of Exhibit 10 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 38 of the Complaint as they relate to a purported personal guaranty signed by Defendant C. Good and not involving or relating to Defendant Wittman and, therefore, denies the same.

39.     Exhibit 10 speaks for itself and Defendant Wittman denies any characterization of Exhibit 10 not consistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 39 of the Complaint as they relate to a purported personal guaranty signed by Defendant C. Good and not involving or relating to Defendant Wittman and, therefore, denies the same.

"The Swather Lease"

40.     Defendant Wittman denies ever negotiating, reviewing, or executing the document attached to the Complaint as Exhibit 11. As Defendant Wittman has previously informed Farm Credit, Defendant Wittman's purported signatures on Exhibit 11 are not his. Defendant Wittman did not give any other person or entity permission to sign the swather agreement on his behalf. As such, Defendant Wittman denies ever entering into any lease agreement for this piece of equipment with Farm Credit. With respect to the allegations regarding the contents of the terms and conditions of the purported swather lease, Exhibit 11 speaks for itself and Defendant Wittman denies any characterization of Exhibit 11 not consistent therewith. With respect to any remaining averments contained in Paragraph 40 of the Complaint, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies the same.

41.     Defendant Wittman denies ever entering into the purported lease agreement in Exhibit 11 to the Complaint. As such, Defendant Wittman never agreed to abide by any of the purported terms in Exhibit 11. With respect to the allegations regarding the contents of the terms and conditions of the purported swather lease, Exhibit 11 speaks for itself and Defendant Wittman

denies any characterization of Exhibit 11 not consistent therewith. Defendant Wittman denies all remaining averments of Paragraph 41 of the Complaint.

42.     Defendant Wittman denies ever entering into the purported lease agreement in Exhibit 11 to the Complaint. As such, Defendant Wittman never agreed to abide by any of the purported terms in Exhibit 11 or to be subject to any form of liability for another party's failure to adhere to the supposed terms of Exhibit 11. With respect to the allegations regarding the contents of the terms and conditions of the purported swather lease, Exhibit 11 speaks for itself and Defendant Wittman denies any characterization of Exhibit 11 not consistent therewith. Defendant Wittman denies all remaining averments of Paragraph 42 of the Complaint.

43.     Defendant Wittman denies ever entering into the purported lease agreement in Exhibit 11 to the Complaint. As such, Defendant Wittman never agreed to abide by any of the purported terms in Exhibit 11 or to be subject to any form of liability for another party's failure to adhere to the supposed terms of Exhibit 11. With respect to the allegations regarding the contents of the terms and conditions of the purported swather lease, Exhibit 11 speaks for itself and Defendant Wittman denies any characterization of Exhibit 11 not consistent therewith. Defendant Wittman denies all remaining averments of Paragraph 43 of the Complaint.

44.     Defendant Wittman denies ever entering into the purported lease agreement in Exhibit 11 to the Complaint. As such, Defendant Wittman never agreed to abide by any of the purported terms in Exhibit 11, be subject to any form of liability for another party's failure to adhere to the supposed terms of Exhibit 11, or to any purchase price option for the equipment at the end of any purported lease. With respect to the allegations regarding the contents of the terms and conditions of the purported swather lease, Exhibit 11 speaks for itself and Defendant Wittman

denies any characterization of Exhibit 11 not consistent therewith. Defendant Wittman denies all remaining averments of Paragraph 44 of the Complaint.

45.     Defendant Wittman admits that the UCC Financing Statement reproduced in Complaint Exhibit 11 was filed with the Colorado Secretary of State in connection with the purported lease agreement. As Defendant Wittman did not enter any lease agreement with Farm Credit for the equipment listed in Exhibit 11, any UCC Financing Statement has no bearing upon him nor does it subject Defendant Wittman to any form of liability whatsoever. Moreover, as explained in greater detail in the countercomplaint below, Farm Credit removed Defendant Wittman from its original UCC Financing Statement by filing a UCC Financing Statement Amendment on October 21, 2020 for the sole purpose of deleting "debtor" Defendant Wittman from the state's records. With respect to the allegations regarding the contents of the purported UCC Financing Statement, Exhibit 12 speaks for itself and Defendant Wittman denies any characterization of Exhibit 12 not consistent therewith. Defendant Wittman denies all remaining averments of Paragraph 45 of the Complaint.

46.     Defendant Wittman denies ever entering into the purported lease agreement in Exhibit 11 to the Complaint. As such, Defendant Wittman never agreed to abide by any of the purported terms in Exhibit 11 or be subject to any form of liability for another party's failure to adhere to the supposed terms of Exhibit 11. Defendant Wittman further denies selling the swather or retaining any proceeds of an alleged sale. With respect to the allegations regarding the contents of the terms and conditions of the purported swather lease, Exhibit 11 speaks for itself and Defendant Wittman denies any characterization of Exhibit 11 not consistent therewith.

Defendant Wittman denies all remaining averments of Paragraph 46 of the Complaint including any purported rights and remedies Farm Credit alleges to have against Defendant Wittman.

47.     Defendant Wittman denies ever entering into the purported lease agreement in Exhibit 11 to the Complaint. As such, Defendant Wittman never waived any right to trial by jury with respect to this matter and hereby demands trial by a jury of his peers. Defendant Wittman denies all remaining averments of Paragraph 47 of the Complaint.

"Defendants' Defaults"

48.     Defendant Wittman denies ever entering into the purported lease agreement in Exhibit 11 to the Complaint. As such, Defendant Wittman is not in default or breach of this purported lease. The Complaint does not allege that Defendant Wittman is involved in any other lease, lease schedule, Financing Statement, or title registration document other than the erroneous allegations related to Exhibit 11. Hence, Defendant Wittman is not in breach or default with respect to any of these other purported agreements. Defendant Wittman is not liable to Farm Credit in any amount nor may Farm Credit seek remedies or redress of any kind against Defendant Wittman. Defendant Wittman denies all averments to the contrary. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 48 of the Complaint as they relate to purported lease agreements, personal guaranties, and the like not involving or relating to Defendant Wittman and, therefore, denies the same. Defendant Wittman denies all remaining averments of Paragraph 48 of the Complaint.

49.     To the extent that Farm Credit may be asserting or implying that he is a "representative" of Good Forage, Defendant Wittman denies these averments. Defendant Wittman further denies that he received "multiple demands" "for the return of the Equipment" from Farm Credit.

Defendant Wittman recalls receiving one notice addressed to himself attempting to collect monies purportedly owed on the swather lease. As explained in further detail in the countercomplaint below, Defendant Wittman contacted Farm Credit after receiving this notice, explained that he had never signed the swather lease, provided Farm Credit with proof demonstrating that his signature is not the same as those signatures purporting to be his on Exhibit 11, and was informed by a Farm Credit representative that he would not be receiving further notices from Farm Credit with respect to this equipment lease in the future. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 49 of the Complaint and, therefore, denies the same. Defendant Wittman denies all remaining averments in Paragraph 49 of the Complaint.

**"COUNT I**
**BREACH OF CONTRACT**
**(Company)"**

50.     Defendant Wittman hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

51.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 of the Complaint and, therefore, denies the same.

52.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 52 of the Complaint and, therefore, denies the same.

53.     Defendant Wittman lacks direct knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 53 of the Complaint and, therefore, denies the same. However, Defendant Wittman has been informed after-the-fact that certain pieces of equipment were sold and has some information about the potential whereabouts of certain pieces of

equipment. Defendant Wittman gained this information by speaking with other members of his community in an attempt to help one of Farm Credit's collection agents track down the equipment prior to this lawsuit. Defendant Wittman was not involved in any sales of equipment at issue in this litigation and has only learned the information in his possession through investigations conducted at the request of Farm Credit. Farm Credit has repaid Defendant Wittman's voluntary cooperation in its own investigatory process by bringing this unfounded, frivolous, and vexatious legal proceeding against Defendant Wittman. Defendant Wittman has also been told that Good Forage and/or Defendant C. Good failed to make all necessary payments under their various leases with Farm Credit, but Defendant Wittman has no personal knowledge as to the truth or falsity of this contention.

54.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 54 of the Complaint and, therefore, denies the same.

**"COUNT II
BREACH OF THE SWATHER LEASE
(Company and Wittman)"**

55.     Defendant Wittman hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

56.     Defendant Wittman denies that he is or ever was a party to the purported swather lease in Exhibit 11. Accordingly, the swather lease cannot be an enforceable contract with respect to Defendant Wittman. With respect to Farm Credit and Good Forage, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 56 of the Complaint and, therefore, denies the same. Defendant Wittman denies any remaining averments in Paragraph 56 of the Complaint.

57.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 57 of the Complaint and, therefore, denies the same.

58.     Defendant Wittman denies that he is or ever was a party to the purported swather lease in Exhibit 11. Accordingly, Defendant Wittman has never been required to make any payments for the swather and is not in breach of the purported agreement in Exhibit 11. With respect to Good Forage, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 58 of the Complaint and, therefore, denies the same. Defendant Wittman denies any remaining averments in Paragraph 58 of the Complaint.

59.     Defendant Wittman denies that he is or ever was a party to the purported swather lease in Exhibit 11. Accordingly, Defendant Wittman has not caused Farm Credit to suffer any damages nor is he liable for any alleged amounts in Paragraph 59 of the Complaint whether by default or any other legal theory. With respect to Good Forage, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 59 of the Complaint and, therefore, denies the same. Defendant Wittman denies any remaining averments in Paragraph 59 of the Complaint.

**"COUNT III**
**BREACH OF THE BALER GUARANTY**
**(A. Good and C. Good)"**

60.     Defendant Wittman hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

61.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 61 of the Complaint as the allegations relate to a purported agreement not involving Defendant Wittman and, therefore, denies the same.

62.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 62 of the Complaint as the allegations relate to a purported agreement not involving Defendant Wittman and, therefore, denies the same.

63.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 63 of the Complaint as the allegations relate to a purported agreement not involving Defendant Wittman and, therefore, denies the same.

64.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 64 of the Complaint as the allegations relate to a purported agreement not involving Defendant Wittman and, therefore, denies the same.

**"COUNT IV**
**BREACH OF THE C. GOOD GUARANTY**
**(C. Good)"**

65.     Defendant Wittman hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

66.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 66 of the Complaint as the allegations relate to a purported agreement not involving Defendant Wittman and, therefore, denies the same.

67.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 67 of the Complaint as the allegations relate to a purported agreement not involving Defendant Wittman and, therefore, denies the same.

68.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 68 of the Complaint as the allegations relate to a purported agreement not involving Defendant Wittman and, therefore, denies the same.

69.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 69 of the Complaint as the allegations relate to a purported agreement not involving Defendant Wittman and, therefore, denies the same.

**"COUNT V**
**ALTERNATE COUNT – UNJUST ENRICHMENT**
**(Defendants)"**

70.     Defendant Wittman hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

71.     Defendant Wittman denies ever entering into the purported lease agreement in Exhibit 11 to the Complaint or any other lease for the equipment at issue in this action. Defendant Wittman has never "possessed" or "used" any of the equipment aside from the times during which he hired himself out as hourly labor to Defendant C. Good and/or Good Forage to operate and transport certain pieces of equipment at issue in this lawsuit as well as other pieces of equipment not at issue in this lawsuit. The equipment Defendant Wittman used, operated, and/or transported remained under the control and direction of Defendant C. Good and/or Good Forage at all times and was returned to such locations as directed by Defendant C. Good and/or Good Forage at the conclusion of the hourly labor. Accordingly, Defendant Wittman has not received any unfair or unlawful benefit from the use or possession of any equipment at issue in this lawsuit. Defendant Wittman is not liable to Farm Credit in any amount nor may Farm Credit seek remedies or redress of any kind against Defendant Wittman under this theory of recovery. Defendant Wittman denies all averments to the contrary. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 71 of the Complaint as they relate to purported unlawful use

and possession not involving Defendant Wittman and, therefore, denies the same. Defendant Wittman denies any remaining averments in Paragraph 71 of the Complaint.

72.     Defendant Wittman denies ever promising to make any payments to Farm Credit for any of the equipment at issue in this action. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 72 of the Complaint as they relate to purported promises of payment not involving Defendant Wittman and, therefore, denies the same. Defendant Wittman denies any remaining averments in Paragraph 72 of the Complaint.

73.     Defendant Wittman denies "using" or "possessing" the equipment at any time outside of the instances in which doing so was part of his duties as an hourly laborer. Defendant Wittman has not engaged in any hourly labor for C. Good and/or Good Forage since sometime in 2019 and has not used, possessed, or transported any equipment at issue in this litigation since that time. Defendant Wittman has never been obligated to pay Farm Credit for any equipment at issue in this action and has not done so. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 73 of the Complaint as they relate to purported ongoing use, possession, and non-payment of obligations not involving Defendant Wittman and, therefore, denies the same. Defendant Wittman denies any remaining averments in Paragraph 73 of the Complaint.

74.     For the reasons stated in response to Complaint paragraphs 70 to 73 above and incorporated herein by reference, Defendant Wittman denies being unjustly enriched in any manner. Defendant Wittman denies liability for any amount sought under this theory of recovery. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of

the remaining averments in Paragraph 74 of the Complaint as the remaining allegations relate to purported acts and failures to act of other defendants that do not involve Defendant Wittman and, therefore, denies the same.

**"COUNT VI**
**CLAIM FOR CONVERSION**
**(Defendants)"**

75.     Defendant Wittman hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

76.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 76 of the Complaint and, therefore, denies the same.

77.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of what Good Forage allegedly "informed" Farm Credit and, therefore, denies the same. Defendant Wittman denies that he sold any equipment at issue in this case. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 77 of the Complaint and, therefore, denies the same. Defendant Wittman denies all remaining averments in Paragraph 77 of the Complaint.

78.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 78 of the Complaint and, therefore, denies the same.

79.     Defendant Wittman admits that he was not authorized to sell any equipment at issue in this action by Farm Credit and further denies any implication that he did so. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 79 of the Complaint and, therefore, denies the same. Defendant Wittman denies all remaining averments in Paragraph 79 of the Complaint.

80.     For the reasons stated in Defendant Wittman's response to Complaint paragraphs 75 to 79 above and incorporated herein by reference, Defendant Wittman denies converting any property belonging to Farm Credit or otherwise selling or disposing of any equipment at issue in this case. Accordingly, Defendant Wittman denies liability in any amount due to this erroneous claim of conversion. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 80 of the Complaint and, therefore, denies the same.

**"COUNT V**
**CLAIM FOR CIVIL THEFT**
**(Company)"**

81.     Defendant Wittman hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

82.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 82 of the Complaint and, therefore, denies the same.

83.     To the extent that Farm Credit may be asserting or implying that he is a "representative" of Good Forage, Defendant Wittman denies these averments. Defendant Wittman further denies that he received "multiple demands" "for the return of the Bailer, Stacker, Swather, Shredder, and Trailer" from Farm Credit. Defendant Wittman recalls receiving one notice addressed to himself attempting to collect monies purportedly owed on the swather lease. As explained in further detail in the countercomplaint below, Defendant Wittman contacted Farm Credit after receiving this notice, explained that he had never signed the swather lease, provided Farm Credit with proof demonstrating that his signature is not the same as those signatures purporting to be his on Exhibit 11, and was informed by a Farm Credit representative that he would not be receiving further notices from Farm Credit with respect to this equipment lease in the future.

With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 83 of the Complaint and, therefore, denies the same. Defendant Wittman denies all remaining averments in Paragraph 83 of the Complaint.

84.     Defendant Wittman denies that he is or ever was a party to the purported swather lease in Exhibit 11 and further denies that he is or ever was a party to any other equipment lease at issue in this action. Accordingly, Defendant Wittman was never in default under any equipment lease and was not required to take any steps to return such equipment to Farm Credit. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 84 of the Complaint and, therefore, denies the same. Defendant Wittman denies any remaining averments in Paragraph 84 of the Complaint.

85.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of what Good Forage allegedly "informed" Farm Credit and, therefore, denies the same. Defendant Wittman denies that he sold any equipment at issue in this case. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 85 of the Complaint and, therefore, denies the same. Defendant Wittman denies all remaining averments in Paragraph 85 of the Complaint.

86.     Defendant Wittman admits that he was not authorized to sell any equipment at issue in this action by Farm Credit and further denies any implication that he did so. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 86 of the Complaint and, therefore, denies the same. Defendant Wittman denies all remaining averments in Paragraph 86 of the Complaint.

87.     The purported leases at issue in this action speak for themselves and Defendant Wittman denies any characterization of their terms inconsistent therewith. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 87 of the Complaint as they relate to leases not signed by him or otherwise involving himself and, therefore, denies the same.

88.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 88 of the Complaint and, therefore, denies the same.

89.     Defendant Wittman lacks direct knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 89 of the Complaint and, therefore, denies the same. However, Defendant Wittman has been informed after-the-fact that certain pieces of equipment were sold and has some information about the potential whereabouts of certain pieces of equipment. Defendant Wittman gained this information by speaking with other members of his community in an attempt to help one of Farm Credit's collection agents track down the equipment prior to this lawsuit. Defendant Wittman was not involved in any sales of equipment at issue in this litigation and has only learned the information in his possession through investigations conducted at the request of Farm Credit. Farm Credit has repaid Defendant Wittman's voluntary cooperation in its own investigatory process by bringing this unfounded, frivolous, and vexatious legal proceeding against Defendant Wittman. Defendant Wittman denies all remaining averments in Paragraph 89 of the Complaint.

90.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 90 of the Complaint and, therefore, denies the same.

91.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 91 of the Complaint and, therefore, denies the same.

92.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 92 of the Complaint and, therefore, denies the same.

93.     The averments in Paragraph 93 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response may nevertheless be deemed necessary, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 93 of the Complaint and, therefore, denies the same.

**"COUNT VI**
**CLAIM FOR REPLEVIN PURSUANT TO C.R.C.P 104**
**(Defendants)"**

94.     Defendant Wittman hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

95.     The purported leases at issue in this action speak for themselves and Defendant Wittman denies any characterization of their terms inconsistent therewith. The averments in Paragraph 95 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response may nevertheless be deemed necessary, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 95 of the Complaint and, therefore, denies the same.

96.     Defendant Wittman denies that he is or ever was a party to the purported swather lease in Exhibit 11 and further denies that he was ever a party to any other equipment lease at issue in this action. Accordingly, Defendant Wittman was never required to make any payments for the equipment and is not in breach under any equipment lease. With respect to all other defendants,

Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 96 of the Complaint and, therefore, denies the same. Defendant Wittman denies any remaining averments in Paragraph 96 of the Complaint.

97.     Defendant Wittman denies that he is or ever was a party to the purported swather lease in Exhibit 11 and further denies that he is or ever was a party to any other equipment lease at issue in this action. Defendant Wittman further denies that any equipment at issue in this action is under his possession. Accordingly, Defendant Wittman is not "wrongfully detaining" anything and denies all such allegations. With respect to all other defendants, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 97 of the Complaint and, therefore, denies the same. Defendant Wittman denies any remaining averments in Paragraph 97 of the Complaint.

98.     Defendant Wittman admits that Farm Credit *estimates* the current value of the equipment in the amounts specified in Paragraph 98 of the Complaint. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth or accuracy of these estimated values in Paragraph 98 of the Complaint and, therefore, denies the same.

99.     Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 99 of the Complaint and, therefore, denies the same.

100.     Defendant Wittman denies that he is in "actual or constructive possession of the Equipment" at issue in this action. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments as to what Farm Credit has been "informed and believes" and, therefore, denies the same. The averments regarding Farm Credit's "rights" are legal conclusions to which no response is necessary. To the extent that a response may

nevertheless be deemed necessary, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies the same. Defendant Wittman has been informed after-the-fact that certain pieces of equipment were sold and has some information about the potential whereabouts of certain pieces of equipment. Defendant Wittman gained this information by speaking with other members of his community in an attempt to help one of Farm Credit's collection agents track down the equipment prior to this lawsuit. Defendant Wittman was not involved in any sales of equipment at issue in this litigation and has only learned the information in his possession through investigations conducted at the request of Farm Credit. Farm Credit has repaid Defendant Wittman's voluntary cooperation in its own investigatory process by bringing this unfounded, frivolous, and vexatious legal proceeding against Defendant Wittman. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 100 of the Complaint and, therefore, denies the same.

101.    Defendant Wittman denies that he is in possession of any equipment at issue in this action and further denies that he is able to perform any of the alleged actions in Paragraph 101 of the Complaint with respect to the equipment. Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of the averments as to what Farm Credit "believes" and, therefore, denies the same. The averments regarding Farm Credit's purported "irreparable harm" and lack of an "adequate remedy at law" are legal conclusions to which no response is necessary. To the extent that a response may nevertheless be deemed necessary, Defendant Wittman lacks knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies the same. Defendant Wittman lacks knowledge or

information sufficient to form a belief as to the truth of the remaining averments in Paragraph 101 of the Complaint and, therefore, denies the same.

102.    The averments and demands in Paragraph 102 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response may nevertheless be deemed necessary, Defendant Wittman states that requesting a Show Cause order and order for replevin in a pleading is improper. Defendant Wittman objects to this request and asks that the Court take no action on this improper request without affording all parties the opportunity for full briefing on the matter. Defendant Wittman reserves all rights to object to Farm Credit's request on any appropriate basis. Defendant Wittman denies any remaining averments in Paragraph 102 of the Complaint.

<u>**"PRAYER FOR RELIEF"**</u>

103.    Defendant Wittman denies that Farm Credit is entitled to any of the relief claimed in the WHEREFORE section of the Complaint, including its sub-parts labeled (A) through (L) thereof. Defendant Wittman further denies that he is liable to Farm Credit for any alleged claim for relief raised by the Complaint.

<u>**GENERAL DENIAL**</u>

104.    Defendant Wittman denies any and all averments and allegations not specifically admitted herein, including any averments contained in any headings, subheadings, and titles of the Complaint.

### <u>DEFENDANT WESLEY JAMES WITTMAN'S DEFENSES AND AFFIRMATIVE DEFENSES</u>

1.      Defendant Wittman incorporates by reference all his responses to each and every paragraph of the Complaint as if they were fully set forth herein.

2.      Farm Credit fails to state a claim(s) upon which relief may be granted.

3.      Farm Credit's claims or damages, if any, are barred or limited pursuant to all applicable statutory provisions of C.R.S. § 13-21-101, *et seq.*

4.      Pursuant to C.R.S. § 13-21-111.5, Farm Credit's claims or damages, if any, are barred or limited as a result of the negligence, fault, misconduct, wrongful acts, or omissions of third-parties. Defendant Wittman reserves the right to designate potential non-parties at fault, join in other parties' designations of non-parties at fault, and supplement such designations as additional information is obtained during discovery.

5.      Pursuant to C.R.S. § 13-21-111.6, Farm Credit's damages, if any, must be reduced by amounts received from collateral sources and any applicable set-offs.

6.      Farm Credit failed to properly mitigate its damages, such as by failing to promptly seek recovery of the property at issue after any alleged default or breach.

7.      Farm Credit's damages, if any, may have resulted from independent preceding, superseding, or intervening causes, events, and/or conditions caused by other parties and non-parties to this action that Defendant Wittman could not have reasonably foreseen or prevented, and for which Defendant Wittman is not liable.

8.      Farm Credit's claims, if any, may be barred by the applicable statutes of limitations and/or repose.

9.     Farm Credit's claims or damages, if any, may be barred or limited by the doctrines of estoppel, waiver, acquiescence, laches, unclean hands, and any equitable defense barring or limiting a plaintiff's right to pursue claim(s) against a defendant based upon an underlying factual contention which the plaintiff previously admitted or appeared to admit was invalid.

10.    Farm Credit may have failed to join necessary and indispensable parties in whose absence complete relief cannot be accorded amongst those presently parties to this civil action, since Farm Credit appears to have made no effort to join any current owners/possessors of the equipment to whom Good Forage allegedly sold the equipment or some portion thereof.

11.    With respect to Defendant Wittman, all of Farm Credit's claims are substantially frivolous, groundless, and vexatious as Farm Credit has been previously informed that Defendant Wittman did not sign the swather lease, was provided with evidence substantiating this fact,  acknowledged that it would no longer send collection notices to Defendant Wittman due to this evidence, and even removed Defendant Wittman from its original UCC Financing Statement prior to changing course and suing Defendant Wittman. Farm Credit's baseless attempt to harass, intimidate, and force Defendant Wittman to defend himself in court without justification and with actual knowledge or reckless indifference to the fact that Defendant Wittman did not sign the purported swather lease entitles Defendant Wittman to an award of reasonable attorney fees pursuant to C.R.S. § 13-17-101 *et seq.*, F.R.C.P. 11, all forms of relief warranted as damages for Farm Credit's abuse of legal process, and any other relief that may be available under applicable law. Farm Credit's legal counsel may be separately liable for facilitating this abusive use of the legal system and/or by failing to disclose that Farm Credit had previously removed Defendant Wittman from its UCC Financing Statement in order to create a false impression in the Complaint.

12.     With respect to Farm Credit's Claim for Replevin Pursuant to C.R.C.P. 104, the claim is defective and must fail as a matter of law as Farm Credit has not complied with the requirements and prerequisites specified in the text of that rule.

13.     With respect to Farm Credit's claims for civil theft and conversion, the claims are defective as Farm Credit has failed to allege that it is the legal owner of the equipment it purportedly leased in this action. Farm Credit may well be leasing the equipment from other unknown parties and merely sub-leasing the equipment according to the plain meaning of its own allegations. Hence, standing to bring claims for civil theft and conversion may lie with other unknown parties.

14.     Defendant Wittman reserves the right to add such other additional affirmative defenses as may become known through discovery and/or to voluntarily withdraw defenses.

15.     To the extent Farm Credit bears the burden of proof for any of these "affirmative defenses" or "defenses," inclusion of the defense herein does not constitute a waiver or shifting of Farm Credit's burden of proof.

## COUNTER-COMPLAINT AGAINST PLAINTIFF FARM CREDIT LEASING SERVICES COROPORATION

### PARTIES

1.     Upon information and belief, Farm Credit Leasing Services Corporation ("Farm Credit" or "Plaintiff") is a federally chartered instrumentality of the United States with its principal place of business at 1665 Utica Avenue South, Suite 400, Minneapolis, Minnesota 55416.

2.     Defendant Wesley James Wittman ("Defendant Wittman") is a Colorado resident living at 2957 Arabian Ave., Brighton, Colorado 80603.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and the parties are citizens of different states.

4.      Venue is appropriate in the District of Colorado pursuant to 28 U.S.C. § 1391 because (a) a substantial part of the events or omissions giving rise to the claim(s) occurred in this district and (b) Farm Credit chose this venue by initiating its lawsuit against Defendant Wittman and the other defendants in this court.

## GENERAL ALLEGATIONS

5.      Defendant Wittman incorporates by reference all his responses to Farm Credit's Complaint as if fully set forth herein.

6.      During 2019, Defendant Wittman and Clayton Good ("Mr. C. Good") discussed the possibility of Defendant Wittman becoming a 25% owner in Mr. C. Good's company, Good Forage, LLC ("Good Forage").  Defendant Wittman is Mr. C. Good's brother-in-law.

7.      As part of those discussions, Mr. C. Good approached Defendant Wittman with a request that Defendant Wittman co-sign a lease for a swather provided by Farm Credit.

8.      Defendant Wittman made it clear to Mr. C. Good that he would only sign the swather lease if he and Mr. C. Good first went to an attorney to have Good Forage's operating agreement and any other applicable documents updated to reflect that Defendant Wittman was acquiring a 25% ownership interest in Good Forage.

9.      Mr. C. Good never had an attorney draw up the revised documents and never transferred a 25% ownership interest in Good Forage to Mr. Wittman.

10.     Defendant Wittman never saw a copy of the proposed lease from Farm Credit during Mr. C. Good's negotiations with Farm Credit for the swather.

11.     Defendant Wittman never signed the swather lease attached to Farm Credit's Complaint as **Exhibit 11**.

12.     Defendant Wittman never gave Mr. C. Good nor anyone else permission to sign the swather lease on his behalf.

13.     Defendant Wittman never spoke with Farm Credit about the swather lease prior to or on the August 9, 2019 signing date for the purported swather lease in Complaint **Exhibit 11**.

14.     Defendant Wittman never told Farm Credit that he agreed to the lease or would be responsible for the lease payments and other obligations.

15.     At a later date, Mr. C. Good and Defendant Wittman met with the pastor at Mr. C. Good's church to discuss whether or not Defendant Wittman had a part ownership interest in Good Forage. Although not a formal mediation session in the context of an actual legal dispute, the participants viewed the meeting as an informal mediation to help resolve their dispute as to whether or not Defendant Wittman was entitled to any ownership interest in Good Forage.

16.     During that meeting, Mr. C. Good stated unequivocally that he never transferred any ownership interest in Good Forage to Defendant Wittman and that Defendant Wittman was not an owner of Good Forage.

17.     For a period of time following the August 9, 2019 date on the purported swather lease in Complaint **Exhibit 11**, Mr. C. Good attempted to use Defendant Wittman's residential address as another mailing address for himself.

18.     Defendant Wittman told Mr. C. Good that he could not give out Defendant Wittman's address as Mr. C. Good's mailing address.

19.     Defendant Wittman further informed Mr. C. Good that he could not open mail addressed to Mr. C. Good that arrived at Defendant Wittman's residence as it was not his mail.

20.     Defendant Wittman recalls receiving some mail from Farm Credit at his residential address. This mail was addressed to Mr. C. Good, so Defendant Wittman did not open it.

21.     Eventually, a notice from Farm Credit came to Defendant Wittman's address and had Defendant Wittman's name written in the address.

22.     Because this particular notice was addressed to Defendant Wittman, Defendant Wittman opened it.

23.     As Defendant Wittman recalls, this notice pertained to past due payments on a swather lease.

24.     After reviewing the notice, Defendant Wittman contacted Farm Credit. He informed Farm Credit that he never signed a swather lease, and he did not know why Farm Credit had contacted him.

25.     Farm Credit told Defendant Wittman that he had signed the swather lease and provided Defendant Wittman with a copy of the purported lease attached to the Complaint as **Exhibit 11**.

26.     On August 26, 2020, Farm Credit representative Lynn M. Pauly based out of Farm Credit's headquarters located at 1665 Utica Ave South, Suite 400, Minneapolis, MN 55416 emailed Mr. Wittman. The email correspondence between Ms. Pauly and Defendant Wittman is attached to this Countercomplaint as **Exhibit A**.

27.     Ms. Pauly requested an affidavit from Defendant Wittman stating that he did not sign the swather lease and a copy of Defendant Wittman's driver's license so that Farm Credit could compare his driver's license signature to the signature on the purported lease reproduced as Complaint **Exhibit 11**. *See* **Exhibit A**.

28.     Ms. Pauly further informed Defendant Wittman that "We take this matter very seriously and will do research on this transaction . . . A fraud claim will be opened regarding this transaction and a criminal referral may be involved, once we have reviewed ALL the information." *See* **Exhibit A**.

29.     On August 27, 2020, Defendant Wittman sent Farm Credit a signed statement which he referred to as an "affidavit" along with two samples of his signature. Mr. Wittman's signed statement is attached hereto as **Exhibit B**. The first signature sample is a photo scan of his Colorado Driver's License, a redacted copy of which is attached hereto as **Exhibit C**. The second signature sample is a check that Defendant Wittman had previously signed, a redacted copy of which is attached hereto as **Exhibit D**.

30.     On this same date, Defendant Wittman sent Ms. Pauly a narrative explanation by reply email outlining how he had never signed the purported swather lease. *See* **Exhibit A**.

31.     Defendant Wittman's August 27, 2020 reply email asked Farm Credit to send him copies of any other documents Mr. C. Good may have submitted in connection with the swather lease that indicate Defendant Wittman was an owner of Good Forage or otherwise co-applying for the lease as Defendant Wittman neither became an owner of Good Forage nor a co-signer on the purported lease. *See* **Exhibit A**.

32.     Farm Credit never sent the documentation requested by Defendant Wittman in his August 27, 2020 reply email.

33.     On August 31, 2020, Defendant Wittman sent a follow up email to Ms. Pauly asking that his name be removed from the lease. *See* **Exhibit A**.

34.     On September 10, 2020, Ms. Pauly sent a response email to Defendant Wittman indicating that "We have updated our systems to reflect the information you provided. You should no longer receive late payment notices for this account." *See* **Exhibit A.**

35.     While Defendant Wittman never sent Farm Credit a true "affidavit" in the legal sense, Farm Credit was apparently satisfied with Defendant Wittman's signed statement and his two signature samples as Farm Credit agreed to stop sending Defendant Wittman late payment notices for the purported swather lease.

36.     Defendant Wittman does not recall receiving any further late payment notices or other written notices regarding the swather lease after September 10, 2020.

37.     After sending its response email to Defendant Wittman on September 10, 2020, Farm Credit filed a UCC Financing Statement Amendment dated October 21, 2020 with the Colorado Secretary of State. This UCC Financing Statement Amendment is attached hereto as **Exhibit E**.

38.     The UCC Financing Statement Amendment in **Exhibit E** clearly indicates that Farm Credit "deleted" Defendant Wittman from its previously filed UCC Statement.

39.     Accordingly, Farm Credit admitted in a public record published to the world that Defendant Wittman had no liability to Farm Credit for any obligations secured or allegedly secured by the original UCC Financing Statement pursuant to the purported swather lease.

40.     Despite Farm Credit's open acknowledgement that Defendant Wittman was not liable for the purported swather lease, Farm Credit failed to refer the matter for criminal prosecution as originally indicated by Farm Credit in its August 26, 2020 email. *See* **Exhibit A**. Farm Credit apparently did nothing to inform law enforcement that Defendant Wittman was a victim of fraud and/or forgery.

41.     Eventually, a collection agent contacted Defendant Wittman and asked for his assistance in helping Farm Credit track down various pieces of equipment that Farm Credit claims it leased to Good Forage and Mr. C. Good.

42.     Defendant Wittman voluntarily cooperated in Farm Credit's collection efforts and made inquires within the community in an attempt to help Farm Credit discover the whereabouts of its equipment.

43.     Without any advance notice or attempt to dispute Defendant Wittman's report of fraud, the evidence he had submitted in support of that report, and Farm Credit's apparent acceptance of that evidence as demonstrating that Defendant Wittman should no longer receive any notices of late payments and should be removed from its own UCC Financing Statement, Farm Credit next made contact with Defendant Wittman by serving him notice of this lawsuit on January 4, 2024.

44.     Outside of the instant litigation, Farm Credit never informed Defendant Wittman that it believes he signed the purported swather lease in Complaint **Exhibit 11** after Defendant Wittman explained the situation to Farm Credit's representative and provided proof of the fraud.

45.     In fact, Farm Credit's September 10, 2020 response email plainly indicates that Farm Credit ***admitted*** that Defendant Wittman did not sign the purported swather lease. Otherwise,

there would be no possible reason for Farm Credit to stop sending Defendant Wittman late payment notices for the lease.

46.     This conclusion is further supported by the fact that Farm Credit removed Defendant Wittman from its UCC Financing Statement as indicated by **Exhibit E**.

47.     Indeed, Farm Credit's implicit admission that Defendant Wittman did not sign the purported swather lease is the only logical conclusion Farm Credit could have reached under the circumstances as the signatures on the swather lease bear no similarity whatsoever to Defendant Wittman's actual signature. Mr. Wittman's actual signature is a long squiggle that loops back over itself, whereas his purported signatures on the swather lease legibly spell out his entire name. *Compare* Complaint **Exhibit 11** *with* **Exhibits B**, **C**, and **D**.

48.     In light of the foregoing, it is evident that Farm Credit's instant lawsuit against Defendant Wittman is frivolous, vexatious, and brought in bad faith for the purposes of harassing, intimidating, and coercing Defendant Wittman into paying monies owed on a purported lease which Farm Credit is well aware that Defendant Wittman never signed.

49.     Such actions constitute abusive conduct injurious to the dignity of this court and the interests of justice.

## FIRST COUNTERCLAIM FOR RELIEF
### *(Abuse of Process)*

50.     Defendant Wittman incorporates all allegations in this Countercomplaint herein by reference.

51.     Defendant Wittman demonstrated to Farm Credit's satisfaction in late 2020 that he never signed the purported swather lease at issue in this litigation.

52.     Farm Credit agreed to stop sending Defendant Wittman notices of late payments on the purported swather lease because it was satisfied that Defendant Wittman's signature does not match the signatures on the purported swather lease.

53.     Farm Credit also removed Defendant Wittman from its UCC Financing Statement because it was satisfied that Defendant Wittman's signature does not match the signatures on the purported swather lease.

54.     Farm Credit took advantage of Defendant Wittman's willingness to assist in its efforts to locate the missing equipment by making inquires in the community about the equipment.

55.     As a reward for Defendant Wittman's efforts to clear his own name and assist Farm Credit with tracing its own property without compulsion, Farm Credit filed suit against Defendant Wittman on the basis of apparently forged signatures.

56.     The lawsuit pending before this court was instituted without any good faith belief that Defendant Wittman actually signed the purported swather lease. Farm Credit and/or its legal counsel failed to disclose to the court in the Complaint that Farm Credit previously communicated with Defendant Wittman about the possibility of fraud, received evidence from Defendant Wittman establishing that a fraud occurred, stopped sending collection notices to Defendant Wittman on this basis, and removed Defendant Wittman from its UCC Financing Statement on this basis.

57.     This frivolous, vexatious, and harassing lawsuit instigated by Farm Credit, demonstrates that Farm Credit is acting with an ulterior purpose in bringing legal action against Defendant Wittman.

58.     This ulterior purpose includes using legal process as a means of threatening, intimidating, harassing, and bullying an innocent victim of fraud into paying a debt he never incurred.

59.     The ulterior purpose also appears to include using legal process as a means of threatening, intimidating, harassing, and bullying an innocent victim of fraud into providing further cooperation and support of Farm Credit's efforts to trace its property without any compensation or recompense for Defendant Wittman's time and effort spent pursuing a cause in which he has no personal interest.

60.     The ulterior purpose may also include using legal process as a means to punish and harass Mr. C. Good by suing his relative, Defendant Wittman, without cause in the hopes that Mr. C. Good's brother-in-law and sister will convince Mr. C. Good to pay any past due amounts owed on the various pieces of equipment so that Farm Credit will relent on its abusive use of legal process against his sister's family.

61.     These ulterior purposes and any others that may be motivating Farm Credit and/or its legal counsel are not proper objects in the regular course of legal proceedings as the law is not designed to be used as a weapon to coerce innocent victims of fraud into paying monies not owed, forcing them to assist creditors with their collections efforts, or harassing them into putting familial pressure onto another debtor for the creditor's benefit.

62.     This frivolous, vexatious, and harassing legal action that Farm Credit has brought against Defendant Wittman constitutes a serious and willful action that seeks to use legal process in a matter which is not proper in the regular course of the proceedings.

63.     The willfulness of Farm Credit's misuse of legal process is further demonstrated by the fact that it had more than sufficient opportunity to contest Defendant Wittman's report of fraud

from over three years ago, request further documentation, refer the matter to law enforcement, or otherwise seek justice. Farm Credit's actions and failure to act demonstrate a complete indifference to the truth and disrespect for the justice system.

64.     Farm Credit's improper use of legal process in the instant case has caused Defendant Wittman to suffer economic harm from the costs, expenses, and legal fees necessary to defend this action.

65.     Farm Credit's improper use of legal process has further caused Defendant Wittman to suffer non-economic harm, including but not limited to anxiety, stress, harassment, loss of enjoyment of life, mental and emotional distress and anguish, and inconvenience.

73.     Defendant Wittman's pecuniary and non-pecuniary losses, as described above, are all the direct and proximate result of Farm Credit's abuse of legal process.

## RELIEF REQUESTED

WHEREFORE, Counterclaim Plaintiff/Defendant Wesley James Wittman prays for judgment in his favor and against Plaintiff/Counterclaim Defendant Farm Credit Leasing Services Corporation providing the following relief:

A.     Economic damages suffered as a result of Farm Credit's acts, including but not limited to the costs and fees incurred in defending against Farm Credit's frivolous, abusive, and otherwise improper claims;

B.     Non-economic damages, including but not limited to, loss of enjoyment of life, mental and emotional distress and anguish, inconvenience, stress, anxiety, harassment, damage to and/or loss of Defendant Wittman's reputation in the community, and any loss of professional or

social status, prestige, or opportunities due to the unfounded allegations leveled against Defendant Wittman and entered into the public record by Farm Credit in this lawsuit;

      C.      All other compensatory damages caused by Farm Credit's actions, to be proven at trial;

      D.      Defendant Wittman's reasonable attorneys' fees, costs, expert witness fees, and other associated expenses in bringing these counterclaims and defending against Farm Credit's abusive claim(s) as permitted by law;

      E.      Pre-judgment and post-judgment interest as provided by law;

      F.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

**Defendant Wittman hereby requests trial by jury on all counterclaim(s). As Defendant Wittman never waived his right to trial by jury on Farm Credit's claims, Defendant Wittman further requests trial by jury on all claims asserted against him.**

Respectfully submitted this February 24, 2024.

*/s/ David R. Tscheschke*
David R. Tscheschke
Anna R. Bloomer
VOLPE LAW, LLC
19751 E. Mainstreet,#342
Parker, CO 80138
Phone: (720) 441-3328
Email: david@volpelawllc.com
      anna@volpelawllc.com
Fax. (303) 309-6463
Attorneys for Defendant Wesley Wittman

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this February 24, 2024 a true and correct copy of the foregoing

DEFENDANT WESLEY JAMES WITTMAN'S ANSWER, AFFIRMATIVE DEFENSES,

AND COUNTERCLAIM was electronically filed and served via CM/ECF upon all counsel who

have consented to electronic service.

*/s/ Candice Byrd*
Candice Byrd, Paralegal
