IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 23-cv-03415-GPG-MEH

Farm Credit Leasing Services Corporation,

    Plaintiff,

v.

Good Forage, LLC,
Clayton A. Good,
Arnold Good, and
Wesley James Wittman,

    Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Telephonic Scheduling Conference is set for March 25, 2024 at 11:30 a.m. in Courtroom A 501 before Chief Magistrate Judge Michael E. Hegarty.

**Plaintiff Farm Credit Leasing Services Corporation**

Zane A. Gilmer
**STINSON LLP**
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Phone: 303.376.8416
Email: zane.gilmer@stinson.com

Benjamin J. Court
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402

1

Phone: 612.335.1615
Email: benjamin.court@stinson.com

**Defendants Arnold Good ("A. Good") and Wesley James Wittman ("Wittman")**

Benjamin Volpe
Anna Regina Bloomer
David Robert Tscheschke
**Volpe Law LLC**
19751 East Mainstreet, Suite 342
Parker, CO 80138
Phone: 720-640-6656
Emails: ben@volpelawllc.com
   anna@volpelawllc.com
   david@volpelawllc.com

**Defendants Good Forage, LLC ("Company") and Clayton A. Good ("C. Good")**

Plaintiff's counsel invited C. Good to attend the Rule 26(f) conference between counsel, but C. Good did not join the call. In addition, Plaintiff's counsel provided a copy of the draft scheduling order to C. Good via email and requested edits or other input, but C. Good did not respond to the request.

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

Plaintiff Farm Credit Leasing is engaged in, among other things, the business of leasing equipment and other personal property to businesses and sole proprietors in the agriculture industry. Defendants are customers of Farm Credit Leasing who obtained possession of agriculture equipment from Farm Credit Leasing, as defined and described more specifically in

the Complaint, including a baler, shredder, stacker, trailer, and swather (collectively, the "Equipment"), pursuant to certain commercial equipment lease agreements or they personally guaranteed obligations arising from such agreements. Farm Credit Leasing's claims derive from Defendants' failure to perform their obligations under the commercial equipment lease agreements and guarantees. Specifically, Defendants failed to pay all amounts due to Farm Credit Leasing and failed and/or refused to return the underlying Equipment, even after Defendants defaulted on their payment obligations under the applicable lease agreements and guarantees, and after Farm Credit Leasing demanded the return of the Equipment. Instead, Farm Credit Leasing has alleged that Defendants moved and/or sold some or all of the Equipment, and retained the proceeds thereof, in violation of the operative agreements and Farm Credit Leasing's interest in the Equipment.

Farm Credit Leasing has asserted a total of eight claims for relief:[1] (1) Breach of Contract against Defendant Good Forage, LLC ("Company") for its failure to make the required payments under the respective lease agreements and or selling the Equipment without authorization from Farm Credit Leasing; (2) Breach of Contract against Company and Wesley James Wittman for failing to make the required payments under the respective lease agreement; (3) Breach of Contract against Arnold Good and Clayton Good based on their failure to perform their obligations under certain personal guarantees; (4) Breach of Contract against Clayton Good based on his failure to perform his obligations under another personal guarantee; (5) Unjust Enrichment (in the alternative to the prior claims) against all of the Defendants, because they received the benefit of the

---

[1] The Complaint's section setting forth the claims for relief contains inadvertent typographical errors concerning the counts (i.e., beginning with the Claim for Civil Theft, the Complaint incorrectly lists that claim as Count V, but it should be Count VII and the following Claim for Replevin should be labeled Count VIII, not Count VI).

Equipment but failed to pay Farm Credit Leasing for their use; (6) Conversion against all of the Defendants for selling or otherwise disposing of the Equipment without Farm Credit Leasing's authorization; (7) Civil Theft against the Company for failing and/or refusing to return the Equipment, even after Farm Credit Leasing made multiple demands, and for selling the Equipment and keeping the proceeds thereof without authorization from Farm Credit Leasing; (8) Replevin against all of the Defendants, seeking an order requiring the Defendants to return the Equipment to Farm Credit Leasing.

b. Defendant Good Forage LLC:

c. Defendant Clayton Good:

d. Defendant Arnold Good:

Defendant Arnold Good ("Defendant A. Good") did not lease any equipment at issue in this lawsuit from Plaintiff. As alleged in the Complaint, Defendant A. Good signed a single personal guaranty for one single lease at issue in this suit for a baler. Defendant A. Good is ready and always has been ready to make full payment of all amounts owed on the baler lease and collection costs attributably solely to himself once Plaintiff produces evidence that lessee Good Forage LLC is delinquent on the lease, the amount still owed, and Plaintiff's collection costs attributed solely to Defendant A. Good. As of this date, Plaintiff has refused to accept this offer in full satisfaction of all debts that could possibly be owed under the facts pled in the Complaint. Plaintiff is attempting to pressure Defendant A. Good into providing further cooperation and/or assistance to Plaintiff in locating other equipment at issue in this action which Defendant A. Good is not legally responsible for providing under any possible theory of relief pursuant to the facts pled in the Complaint. Plaintiff appears to be pursuing further litigation against Defendant A. Good

4

in a bad faith attempt to increase Defendant A. Good's litigation expenses, increase Plaintiff's collection costs, force Defendant A. Good to provide further services to Plaintiff that are not legally required under any cognizable legal theory, and otherwise harass, annoy, and oppress Defendant A. Good without cause. Defendant A. Good reserves all rights to seek sanctions and other appropriate relief against both Plaintiff and Plaintiff's legal counsel for this abusive use of the justice system as a full and complete offer of settlement for all monies that could conceivably be owed has already been tendered, but Plaintiff has refused to accept this offer without justification.

e.  Defendant Wesley Wittman:

Defendant Wesley Wittman ("Defendant Wittman") did not sign any equipment leases at issue in this litigation nor did he sign any personal guaranties. Defendant Wittman is the victim of a forgery committed by other person(s) who signed his name on a single lease for a swather at issue in this litigation. Over three years ago, Defendant Wittman provided Plaintiff with samples of his signature to demonstrate that he had never signed the lease in the first instance. Plaintiff agreed with Defendant Wittman, removed him from any further collection notices for the swather, and amended its UCC Financing Statement for the swather to indicated that Defendant Wittman was "deleted" as a putative debtor with respect to that equipment. Now, over three years later, Plaintiff has instituted this baseless and frivolous legal action in order to annoy, oppress, harass, and bully Defendant Wittman into paying allegedly past due amounts on a lease he never signed, pressure other defendant(s) into paying amounts they allegedly owe, and force Defendant Wittman into acting as a *de facto* private investigator for Plaintiff in its search for the missing equipment. These abusive motives lie outside the proper scope and purpose of a civil suit and constitute abuse of process. Defendant Wittman has countersued Plaintiff for abuse of process and seeks damages

5

for his full attorney fees, costs, and emotional distress for having to defend himself against an action that Plaintiff filed without any genuine belief that Defendant Wittman ever signed the equipment lease at issue.

f.  Other Parties: None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

    None.

## 5. COMPUTATION OF DAMAGES

Discovery has not yet been conducted in this case. That said, Farm Credit Leasing will seek monetary relief against the Defendants as follows:

- For its breach of contract claim against Good Forage, LLC (the "Company"), related to the breaches of the leases and/or unjust enrichment damages in the amount of not less than $374,806.13, plus late fees, costs, expenses, and reasonable attorneys' fees incurred;

- For its breach of contract claim against Wittman and the Company related to the breaches of the Swather Lease, damages in the amount of not less than $134,698.31, plus late fees, costs, expenses, and reasonable attorneys' fees incurred;

- For its breach of contract claim against A. Good related to the breaches of the Baler Guaranty, damages in the amount of not less than $64,208.52, plus late fees, costs, expenses, and reasonable attorneys' fees incurred;

- For its breach of contract claim against C. Good related to the breaches of the Baler Guaranty, damages in the amount of not less than $64,208.52, plus late fees, costs, expenses, and reasonable attorneys' fees incurred;

- For its breach of contract claim against C. Good related to the breaches of the C. Good Guaranty and/or unjust enrichment damages in the amount of not less than $240,107.82, plus late fees, costs, expenses, and reasonable attorneys' fees incurred;

- For its conversion claim against all Defendants related to the conversion of the Equipment and the proceeds thereof, damages in the amount to be proved at trial related to the value of the converted Equipment, plus costs, expenses, and reasonable attorneys' fees incurred;

- For its civil theft claim against the Company related to the theft of the Equipment and the proceeds thereof, in an amount of three times Farm Credit Leasing's actual damages, to be proved at trial, plus costs, expenses, and reasonable attorneys' fees;

- Farm Credit Leasing also seeks pre and post judgment interest.

- Defendant A. Good does not seek damages at this time but reserves the right to (a) seek sanctions against both Plaintiff and Plaintiff's legal counsel for their bad faith refusal to dismiss all claims against him upon full payment of all amounts that could possibly be owed under the baler lease guaranty, (b) amend his answer to assert counterclaim(s) for abuse of process and the like due to Plaintiff's bad faith pursuit of litigation after a full offer of settlement has been presented and rejected by Plaintiff, and (c) any other relief available.

- Defendant Wittman seeks the full value of his attorney fees and costs as well as all noneconomic damages attributable to Plaintiff's abusive, groundless, and frivolous legal proceedings against him.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting.

    February 29, 2024

b.  Names of each participant and party he/she represented.

    Zane Gilmer and Benjamin Court on behalf of Farm Credit Leasing.

    David Tscheschke on behalf of Arnold Good and Wesley James Wittman.

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

    April 8, 2024

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

    The Parties have agreed to make their Rule 26(a)(1) disclosures on March 8, 2024

e.  Statement concerning any agreements to conduct informal discovery:

    None

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

    None

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

    The Parties do not believe this case will involve extensive electronically stored information. The Parties agree that all discovery may be produced in PDF or native file format

through commercial document sharing platform(s) and/or via email. Any documents that cannot feasibly be shared in this manner shall be exchanged via paper format, USB thumb drive, or disk.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff:

Discussions have occurred on multiple occasions, are presently occurring, and are anticipated to continue to occur, but no resolution has been reached as of the date of this filing.

Defendants A. Good and Defendant Wittman:

As noted above, Defendant A. Good has tendered a full offer of settlement that has not been accepted by Plaintiff at this time. Defendant Wittman has tendered a settlement offer which was summarily rejected. Plaintiff has not attempted to engage in any further settlement discussions with Defendant Wittman.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each Party may serve on each opposing Party no more than 25 interrogatories.

The Parties do not propose any modification to the presumptive number of depositions under F.R.C.P. 30.

b. Limitations which any party proposes on the length of depositions.

7 hours per deposition.

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each Party may serve on each opposing Party no more than 25 requests for production of documents and no more than 25 requests for admission (in addition to any requests seeking an admission of the authenticity of a document – not to exceed any presumptive limit on the number of such requests).

d.  Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:
September 16, 2024.

e.  Other Planning or Discovery Orders

**The Court:** Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will determine at the conference whether to grant the movant leave to file the motion. *See* Section III(A)(3) of Chief Magistrate Judge Hegarty's Practice Standards for Civil Actions.

## 9. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:
May 25, 2024.

b.  Discovery Cut-off:
October 18, 2024.

c.  Dispositive Motion Deadline:
December 30, 2024.

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any.

The Parties currently anticipate that expert testimony may be required in the fields of handwriting analysis and damages. The Parties reserve the right to seek expert testimony in other field(s) as required by the course of discovery.

        2.    Limitations which the parties propose on the use or number of expert witnesses.

None.

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 2, 2024.

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 6, 2024.

    e.    Identification of Persons to Be Deposed:

Currently, the Parties anticipate that the following individuals will need to be deposed in addition to any experts disclosed by any Party:

- F.R.C.P. 30(b)(6) corporate representative for Good Forage, LLC
- Clayton A. Good
- Arnold Good
- Wesley James Wittman
- Audrey Good
- F.R.C.P. 30(b)(6) corporate representative for Farm Credit Leasing Services
- Lynn Pauly of CoBank and Farm Credit Leasing Services
- All other Farm Credit Leasing Services personnel necessary or advisable based on the course of discovery

## 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

_____.

b.  If no summary judgment motions are filed, the parties shall contact District Judge Gallagher jointly **via email** (Gallagher_Chambers@cod.uscourts.gov) within **ten days** after the dispositive motions deadline to set a Final Pretrial Conference. *See* Section III.A. of District Judge Gallagher's Standing Order Regarding Pretrial and Trial Procedures – CIVIL. If dispositive motions are filed, parties shall contact District Judge Gallagher jointly via **email** within **thirty days** after the Court has issued a ruling (assuming the case survives a motion for summary judgment) to set a Final Pretrial Conference. *Id.* **At least fourteen days before the scheduled date of the Final Pretrial Conference**, counsel shall meet and confer to develop jointly the contents of the proposed Final Pretrial Order. *Id.* It is the responsibility of Plaintiff's counsel (but if Plaintiff is pro se, it shall be Defendant's counsel's responsibility) to schedule meetings and then file and submit the proposed Final Pretrial Order. *Id.* If the parties agree, Plaintiff may delegate responsibility for filing and submission to Defendant. *Id.* Unless otherwise ordered, the parties shall submit their proposed Final Pretrial Order **no later than seven days before the date of the Final Pretrial Conference**. *Id.* The proposed Final Pretrial Order should be filed in CM/ECF and submitted electronically **in editable (Word) format** directly to District Judge Gallagher's Chambers at Gallagher_Chambers@cod.uscourts.gov. *Id.*

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

    None.

b.  Anticipated length of trial and whether trial is to the court or jury.

    **Plaintiff:** 5 days to the court.

    **Defendant A. Good:** 5 days to the jury. As explained in Defendant A. Good's Answer, he never waived any right to a trial by jury of his peers in his role as guarantor of the single baler lease at issue and demands that all claims against him be heard by a jury of his peers.

    **Defendant Wittman:** 5 days to the jury. As explained in Defendant Wittman's Answer and Countercomplaint, he never waived the right to a trial by jury of his peers as he never signed the purported swather lease at issue and demands that all claims against him as well as his counterclaim against Plaintiff be heard by a jury of his peers.

    **Defendant C. Good:**

    **Defendant Good Forage LLC:**

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

    None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 25th day of March, 2024.

BY THE COURT:

 S/Michael E. Hegarty
Chief United States Magistrate Judge

APPROVED:

s/ Zane A. Gilmer
Zane A. Gilmer
**STINSON LLP**
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Phone: 303.376.8416
Email: zane.gilmer@stinson.com

Benjamin J. Court
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Phone: 612.335.1615
Email: benjamin.court@stinson.com

*Attorneys for Plaintiff Farm Credit Leasing*

s/ Benjamin Volpe
Benjamin Volpe
Anna Regina Bloomer
David Robert Tscheschke
**Volpe Law LLC**
19751 East Mainstreet, Suite 342
Parker, CO 80138
Phone: 720-640-6656
Emails: ben@volpelawllc.com
  anna@volpelawllc.com
  david@volpelawllc.com

*Attorneys for Defendants Arnold Good and Wesley James Wittman*