Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 1 of 34

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
4/5/2024
**JEFFREY P. COLWELL, CLERK**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-3415-MEH

Farm Credit Leasing Services Corporation,

Plaintiff,
v.

Good Forage, LLC; Clayton A. Good;
Arnold Good; and Wesley James Wittman,

Defendants.

## DEFENDANT CLAYTON GOOD'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Clayton Good ("Defendant C. Good" or "Mr. C. Good"), respectfully submits this Answer, Affirmative Defenses, and Counterclaim to Plaintiff Farm Credit Leasing Services Corporation's ("Farm Credit" or "Plaintiff")'s original Complaint [Dkt. 1], stating as follows:

## ANSWER TO COMPLAINT

## "PARTIES, JURISDICTION, AND VENUE"

1. Defendant C. Good lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant C. Good admits that he owns Good Forage, LLC ("Good Forage") resides at 25498

County Road 66, Greeley, Colorado 80631 prior to his divorce 1/25/24.

Defendant A. Good lacks

1

Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 2 of 34

knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 2 of the Complaint and, therefore, denies the same.

3. Defendant C. Good denies he resides at 25498 County Road 66, Greeley, Colorado 80631. The allegation that Defendant C. Good is a Colorado citizen is a legal conclusion to which no response is necessary. To the extent that such a response may nevertheless be deemed necessary,

5. Defendant C. Good does not have knowledge Defendant Wesley James Wittman ("Defendant Wittman") resides at 2957 Arabian Ave., Brighton, Colorado 80603. The allegation that Defendant Wittman is a Colorado citizen is a legal conclusion to which no response is necessary. To the extent that such a response may nevertheless be deemed necessary, Defendant C. Good admits the averments in Paragraph 5 of the Complaint.

6. Defendant C. Good does not contest the Court's jurisdiction in this case. 7. Defendant C. Good does not contest venue in this case.

2

Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 3 of 34

### "FACTS COMMON TO ALL COUNTS"

8. Defendant C. Good admits that, to the best of his knowledge, Farm Credit is engaged in the business of leasing equipment and other personal property to businesses and sole proprietors in the agriculture industry.

"The Baler Lease Agreement"

9. Agree

10. Agree in Part.  I notified Farm Credit of the sale and that I would make payments to pay off the lease and residual amount due after lease payments.  Also, Good Forage LLC utilized the baler in multiple counties throughout Colorado and Wyoming, there were times the baler was stored at varying addresses.

11. Agree.

12. Agree.

3

Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 4 of 34

13. Agree.

14. This paragraph speaks for itself and Defendant C. Good denies any characterization of Exhibit 1 not consistent therewith. .

15. Agree in part. Baler proceeds were used to make further payments toward payoff of the baler.

16. C. Good signed the lease as lessee.

4

17. Agree

18. Agree

19. Exhibit 1 speaks for itself and Defendant C. Good denies any characterization of Exhibit 1 not consistent therewith.

5

"The Master Lease"

20. Exhibit 3 speaks for itself and Defendant C. Good denies any characterization of Exhibit 3 not consistent therewith.

21. Agree in part.  See above regarding equipment location.

22. Exhibit 3 speaks for itself and Defendant C. Good denies any characterization of Exhibit 3 not consistent therewith.

23. Exhibit 3 speaks for itself and Defendant C. Good denies any characterization of Exhibit 3 not consistent therewith.

6

"The Shredder Schedule"

24. Exhibit 4 speaks for itself and Defendant C. Good denies any characterization of Exhibit 4 not consistent therewith.

25. Exhibit 4 speaks for itself and Defendant C. Good denies any characterization of Exhibit 4 not consistent therewith.

26. Exhibit 5 speaks for itself and Defendant C. Good denies any characterization of Exhibit 5 not consistent therewith.

27. This paragraph speaks for itself and Defendant C. Good denies any characterization of Exhibit 5 not consistent therewith and offers to pay off the remaining $422 immediately.

"The Stacker Schedule"

28. Exhibit 6 speaks for itself and Defendant C. Good denies any characterization of Exhibit 6 not consistent therewith.

29. Exhibit 6 speaks for itself and Defendant C. Good denies any characterization of Exhibit 6 not consistent therewith.

30. Exhibit 7 speaks for itself and Defendant C. Good denies any characterization of Exhibit 7 not consistent therewith.

31. Agree in part. The stacker was removed from location due to work in surrounding areas. The stacker was sold and Farm Credit was notified of the sale and company's intention to pay off remaining due amounts. Proceeds were used to make annual payments.

32. Exhibit 6 speaks for itself and Defendant C. Good denies any characterization of Exhibit 6 not consistent therewith.

"The Trailer Schedule"

33. Exhibit 8 speaks for itself and Defendant C. Good denies any characterization of Exhibit 8 not consistent therewith.

34. Exhibit 8 speaks for itself and Defendant C. Good denies any characterization of Exhibit 8 not consistent therewith.

9

35. Exhibit 9 speaks for itself and Defendant C. Good denies any characterization of Exhibit 9

not consistent therewith.

36. Exhibit 8 speaks for itself and Defendant C. Good denies any characterization of Exhibit 8 not consistent therewith.

"The C. Good Guaranty"

37. Exhibit 10 speaks for itself and Defendant C. Good denies any characterization of Exhibit 10 not consistent therewith.

38. Exhibit 10 speaks for itself and Defendant C. Good denies any characterization of Exhibit 10 not consistent therewith.

10

Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 11 of 34

39. Exhibit 10 speaks for itself and Defendant C. Good denies any characterization of Exhibit 10 not consistent therewith..

"The Swather Lease"

40. Exhibit 11 speaks for itself and Defendant C. Good denies any characterization of Exhibit 11 not consistent therewith.

41. Deny in part.  The swather was used throughout surrounding area of address listed and frequently stored at other locations short term.

42. Exhibit 11 speaks for itself and Defendant C. Good denies any characterization of Exhibit 11 not consistent therewith.

11

Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 12 of 34

43. Exhibit 11 speaks for itself and Defendant C. Good denies any characterization of Exhibit 11 not consistent therewith.

44. Exhibit 11 speaks for itself and Defendant C. Good denies any characterization of Exhibit 11 not consistent therewith.

45. Exhibit 12 speaks for itself and Defendant C. Good denies any characterization of Exhibit 12 not consistent therewith.

46. Exhibit 11 speaks for itself and Defendant C. Good denies any characterization of Exhibit 11 not consistent therewith.

47. Exhibit 11 speaks for itself and Defendant C. Good denies any characterization of Exhibit 11 not consistent therewith.

"Defendants' Defaults"

48. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

49. Deny.  C. Good was not contacted by the plaintiff for the return of any of the equipment.

**"COUNT I
BREACH OF CONTRACT
(Company)"**

50. Defendant C. Good hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

51. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

15

Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 16 of 34

**"COUNT II
BREACH OF THE SWATHER LEASE
(Company and Wittman)"**

55. Defendant C. Good hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

56. Farm Credit's assertion that the purported swather lease is an enforceable contract is a legal conclusion to which no response is necessary.

57. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

58. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

59. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

**"COUNT III
BREACH OF THE BALER GUARANTY
(A. Good and C. Good)"**

60. Defendant A. Good hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

16
Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 17 of 34

61. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

62. C. Good lacks knowledge to admit or deny this claim.

17
Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 18 of 34

63. Agree.

64. Neither agree nor deny, I have not reviewed this amount for accuracy.

18

**"COUNT IV**
**BREACH OF THE C. GOOD GUARANTY**
**(C. Good)"**

65. Defendant C. Good hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

66. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

67. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

68. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

69. Neither agree nor deny, I have not reviewed this amount for accuracy.

**"COUNT V**
**ALTERNATE COUNT – UNJUST ENRICHMENT**
**(Defendants)"**

70. Defendant C. Good hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

71. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

72. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

73. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

74. Neither agree nor deny, I have not reviewed this amount for accuracy.

**"COUNT VI
CLAIM FOR CONVERSION
(Defendants)"**

75. Defendant C. Good hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

76. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

77. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

78. Deny. Sale proceeds were used to make payments on each piece of equipment sold toward payoff of each asset.

79. Deny.  Farm Credit knew these assets may be sold and proceeds used to payoff lease/loans.

80. Lack sufficient knowledge, I have not reviewed this amount for accuracy.

**"COUNT V
CLAIM FOR CIVIL THEFT
(Company)"**

81.  This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

82.  This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

23
Case No. 1:23-cv-03415-MEH Document 23 filed 02/23/24 USDC Colorado pg 24 of 34

83. Deny.  C. Good was not approached by FCL regarding asset location or for return of said assets.

84. Agree in part.   I would have cooperated with FCL had they contacted me.  I was in contact with FCL account managers regarding catching up on payments and making a plan to do so and was never approached for asset location or return.

85. Deny.  Good Forage LLC never denied any requests by FCL.

86. Agree in part. Farm Credit was notified of Baler sale.

87. Deny in part.  Equipment was utilized at many different locations throughout multiple counties.

88. Deny.  Sale proceeds were used to make payments on each piece of equipment sold toward

payoff of each asset.

89. Deny in part. Farm credit was notified of potential sales. Proceeds were used to payoff assets.

90. Deny. All assets were intended to be paid off, evidenced by payments made.

91. Deny.

92. Lack sufficient knowledge to affirm or deny.

93. The averments in Paragraph 93 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response may nevertheless be deemed necessary, Defendant C. Good lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 93 of the Complaint and, therefore, denies the same.

**"COUNT VI
CLAIM FOR REPLEVIN PURSUANT TO C.R.C.P 104
(Defendants)"**

94. Defendant C. Good hereby incorporates by reference all of his responses to each and every paragraph of the Complaint as if fully set forth herein.

95. The purported leases at issue in this action speak for themselves and Defendant C. Good denies any characterization of their terms inconsistent therewith. The averments in Paragraph 95 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response may nevertheless be deemed necessary, Defendant C. Good lacks knowledge or

information sufficient to form a belief as to the truth of the averments in Paragraph 95 of the Complaint and, therefore, denies the same.

96. This paragraph speaks for itself and Defendant C. Good denies any characterization not consistent therewith.

97. Deny. I never detained equipment.

98. Neither agree not deny, I have not reviewed these amounts for accuracy.

99. Defendant C. Good lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 99 of the Complaint and, therefore, denies the same.

100. Deny.

101. Deny.

102. The averments and demands in Paragraph 102 of the Complaint are legal conclusions to which no response is necessary.

**"PRAYER FOR RELIEF"**

103. Defendant C. Good lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 103.

Signed

Clayton Good

4/5/24

34